```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
MARY GHALY                    :
     Plaintiff,               :
                              :
v.                            :    Civil No. 3:08cv293(AWT)
                              :
SOUTHEASTERN MENTAL HEALTH    :
AUTHORITY OF THE CONNECTICUT  :
DEPARTMENT OF MENTAL HEALTH   :
AND ADDICTION SERVICES,       :
     Defendant.               :
                              :
------------------------------x
```

**RULING ON MOTION FOR SUMMARY JUDGMENT**

Plaintiff Mary Ghaly, M.D. brings claims against defendant Southeastern Mental Health Authority of the Connecticut Department of Mental Health and Addiction Services alleging discrimination in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, et seq., and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12111, et seq.  The defendant has moved for summary judgment based on res judicata and collateral estoppel.  For the reasons set forth below, the defendant's motion for summary judgment is being granted.

I.  **FACTUAL BACKGROUND**

The plaintiff, Mary Ghaly, was formerly employed as a physician at Southeastern Mental Health Authority ("SMHA"), a facility within the Department of Mental Health and Addiction Services ("DMHAS").  She was employed at SMHA between 1996 and

July 2006, when she received notice from SMHA that she was to be transferred to Connecticut Valley Hospital ("CVH"), another facility within DMHAS.

At the time the notice of transfer was given, Ghaly was suffering from a claimed disability, namely cancer, and was out on medical leave in order to receive treatment. CVH, the facility to which Ghaly was to be transferred, was farther away than SMHA, thus Ghaly's commute would be increased, and Ghaly would have been required to work in a locked unit.

At the time of these events, Ghaly had a pending lawsuit against SMHA and others (including various employees of SMHA), filed in 2004, alleging disparate treatment and retaliation in violation of her rights under the Connecticut Fair Employment Practices Act, the First Amendment, and the Equal Protection clause, Ghaly v. Simsarian, No. 3:04-cv-01779(AWT) (D. Conn.) ("Ghaly I"). Upon receiving the notice of transfer, Ghaly filed a motion for a preliminary injunction prohibiting SMHA from transferring her to CVH. While the motion was pending, Ghaly moved to amend the complaint in Ghaly I to include allegations relating to the proposed transfer. The amended complaint in Ghaly I, filed November 16, 2006, added First Amendment and equal protection claims based on the notice of transfer. On November 17, 2006, Magistrate Judge Smith issued a recommended ruling denying Ghaly's motion for a preliminary injunction, which was

accepted on December 20, 2006.  Ghaly resigned from DMHAS effective December 1, 2006.  On March 26, 2009, the court granted the defendants' motion for summary judgment with respect to all claims in Ghaly I.

The present action ("Ghaly II") was removed to this court on February 28, 2008.  The Complaint in Ghaly II is centered around a subset of the same facts that formed the basis for Ghaly I: DMHAS' intended transfer of Ghaly to CVH, and Ghaly's ultimate resignation from DMHAS effective December 1, 2006.  The Complaint in Ghaly II, however, sets forth causes of action under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 et seq. (the "Rehabilitation Act"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 1211 et seq. (the "ADA").

## II.   LEGAL STANDARD

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law.  Fed. R. Civ. P. 56(c).  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994).  When ruling on a motion for summary judgment, the court may not try issues of fact, but must leave those issues to the jury.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Donahue v. Windsor Locks Bd. of

Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987). Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248 (internal quotation marks omitted). A material fact is one that would "affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. Only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted. Immaterial or minor facts will not prevent summary judgment. See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in its favor." Weinstock v. Columbia Univ., 224 F.3d

33, 41 (2d Cir. 2000)(quoting Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 177 (2d Cir. 1990)). However, the inferences drawn in favor of the nonmovant must be supported by the evidence. "[M]ere speculation and conjecture" is insufficient to defeat a motion for summary judgment. Stern v. Trustees of Columbia University, 131 F.3d 305, 315 (2d Cir. 1997) (quoting Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d. Cir. 1990)). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position" will be insufficient; there must be evidence on which a jury could "reasonably find" for the nonmovant. Anderson, 477 U.S. at 252.

### III. **DISCUSSION**

The defendant argues that Ghaly is precluded from litigating the present action by the principles of res judicata and collateral estoppel. The court concludes that Ghaly is precluded by the doctrine of res judicata from proceeding with Ghaly II, and thus, does not reach the issue of collateral estoppel.

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980); see also Nat'l Labor Relations Bd. v. United Technologies Corp., 706 F.2d 1254, 1259 (2d Cir. 1983). "Whether or not the first judgment

-5-

will have preclusive effect depends in part on whether the same transaction or series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." Nat'l Labor Relations Bd., 706 F.2d at 1260 (citations omitted). Thus, "[t]o prove the affirmative defense a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 285 (2d Cir. 2000). The parties disagree about whether the first and third elements of this test are satisfied here.[1]

### A. **Whether the Previous Action Involved Adjudication on the Merits**

Ghaly I was decided at the summary judgment stage. The plaintiff contends that the decision in Ghaly I is not an "adjudication on the merits" for purposes of res judicata. She argues that, in the ruling granting summary judgment in Ghaly I, the court specifically rejected Ghaly's attempt to enter evidence into the record that would have addressed the issue of Ghaly's medical disability, and that the court did not consider her

---

[1] Also, the plaintiff contends that there are two material facts as to which there is a genuine issue in dispute, which are set forth in her Local Rule 56(a) statement. However, the first purportedly disputed fact is a legal conclusion and the second is undisputed.

-6-

Fourteenth Amendment claims as they relate to Ghaly's medical disability as they were foreclosed because (1) although she had referred to her medical disability in her motion for leave to amend her complaint, she did not include allegations with respect to that medical condition in the amended complaint, and only raised them in her opposition to the motion for summary judgment, and (2) the plaintiff failed to obtain a release of jurisdiction from the Commission on Human Rights and Opportunities ("CHRO").

However, "adjudication on the merits" is concerned with finality.

> This has been explicated in the American Law Institute's Restatement (Second) of the Law of Judgments, in the following way:
>
>> Thus, when res judicata is in question a judgment will ordinarily be considered final in respect to a claim . . . if it is not tentative, provisional, or contingent and represents the completion of all the steps in the adjudication of the claim by the court, short of any steps by way of execution or enforcement that may be consequent upon a particular kind of adjudication. Finality will be lacking if an issue of law or fact essential to the adjudication of the claim has been reserved for future determination or if the court has decided that the plaintiff should have relief against the defendant on the claim but the amount of the damages, or the form or scope of other relief, remains to be determined. . . . [§ 41 comment b. at 3, Tent. Draft. No. 1, 1973.]

Acha v. Beame, 570 F.2d 57, 63 (2d Cir. 1978)

In the present case, the court's granting of summary judgment in Ghaly I constituted a final adjudication on the merits. While the plaintiff is correct that some of her claims were disposed of on procedural grounds, i.e., that the claims were not properly pled and she failed to secure a release of jurisdiction from the CHRO, this does not create a genuine issue of material fact as to whether the judgment represents the completion of all steps in the adjudication by the court. There was no aspect of the judgment entered in Ghaly I that was tentative, provisional, or contingent.

### B. Whether the Claims Asserted Were, or Could Have Been, Raised in the Prior Action

It is well-established that:

> A judgment upon the merits of one suit is res judicata in another where the parties and subject-matter are the same, not only as respects matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end.

Woods v. Dunlop Tire Corp., 972 F.2d 36, 38 (2d Cir. 1992) (quoting Grubb v. Public Utils. Comm'n of Ohio, 281 U.S. 470, 479 (1930). "Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." L-Tec Electronics Corp. v. Cougar Electronic Org., Inc., 198 F.3d 85, 88 (2d Cir. 1999). Thus, a claim not previously raised in a prior litigation may be precluded as well

-8-

as a claim specifically ruled on.

The plaintiff argues that, because the court in Ghaly I did not consider any evidence as to Ghaly's disability status, which is an essential element to establishing a prima facie case in Ghaly II, res judicata does not apply. The plaintiff observes, correctly, that "[w]hether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is intended to support both claims, and whether the facts essential to the second were present in the first." Monahan, 214 F.3d at 289 (citing Nat'l Labor Relations Bd., 706 F.2d at 1260).

"For res judicata to bar a subsequent action, the first suit and the subsequent case must involve the same cause of action." Bloomquist v. Brady, 894 F. Supp. 108, 114 (W.D.N.Y. 1995). However, "it is the substantial identity of facts surrounding the occurrence which constitutes the cause of action, rather than the legal theories which the plaintiff chooses to put forth in her complaint." Id. at 115 (emphasis added). This principle has been applied in this circuit to bar subsequent litigation of claims based on legal theories different from those previously adjudicated. See, e.g., Cieszkowska v. Gray Line New York, 295 F.3d 204 (2d Cir. 2002) (barring subsequent claim for racial discrimination when there had previously been a claim for

defamation, when both claims centered around the same termination); Woods, 972 F.2d at 39 (rejecting Title VII claim, finding that both it and previous Labor Management Relations Act claim "centered around Dunlop's firing of Woods, the reasons for termination, and her employment history, physical limitations, and qualifications").

Here, the circumstances surrounding the notice of transfer are at issue in both Ghaly I and Ghaly II. A key area of inquiry in both cases is the question of whether SHMA acted unlawfully when it issued the notice of transfer. In Ghaly I, Ghaly argued, in her motion for permission to file an amended complaint, that a transfer to CVH would constitute a constructive discharge "[d]ue to Plaintiff's present medical condition." (Def.'s Mot. Summ. J. (Doc. No. 42) Ex. 4, ¶ 3.) Thus, Ghaly's claims in Ghaly II, which are based upon the different legal theories of the Rehabilitation Act and the ADA, arise from the same event on which the claims she added in Ghaly I were based, i.e., the notice that she would be transferred, and in Ghaly I, she actually asserted that the transfer would be unlawful because of her medical condition. Therefore, the record demonstrates that Ghaly could have raised her Rehabilitation Act and ADA claims in Ghaly I.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for

Summary Judgment (Doc. No. 42) is hereby GRANTED.

The Clerk shall enter judgment in favor of the defendant and close this case.

It is so ordered.

Dated this 30th day of March, 2011, at Hartford, Connecticut.

/s/ AWT
Alvin W. Thompson
United States District Judge